### STATE v. TAYLOR.

1. EVIDENCE—WITNESS—CONTRADICTION.—Proper grounds for contradiction were laid in this case: (1) time, (2) place and (3) person to whom contrary statement was made.
2. EVIDENCE—CONFESSIONS.—State may prove confessions made by defendant, whether he goes on the stand or not.
3. CHARGE—TRACKS.—An instruction, "You have heard the testimony as to tracks. It's a link—I won't say that. They are submitted as a circumstance in the case," *held* not to convey any intimation of the Judge's opinion of the force and effect of the testimony as to tracks.
4. IBID.—CONFESSIONS.—Under the testimony in this case, it was proper for the Judge to instruct the jury as to the law of confessions, and in doing so he said nothing which indicated an opinion as to whether the defendant had made a confession of guilt.

Before ALDRICH, J., Beaufort, September, 1898. Affirmed.

Indictment against Walter Taylor and Isaac Taylor for obstructing railroad track. As to confessions, the jury were instructed in these words:

"Now, as to confessions. It is for the Court to pass upon the admissibility of testimony, but it is for the jury to pass upon that confession, if it is true or correct. In other words, the Court has, where there is testimony as to certain things and facts, has authority to say whether it is to go to the jury, then it is for the jury to say if the defendant is guilty. Now, a confession, if free and voluntary, where a person makes a statement charging himself with any offense,

is competent to go to the jury; but if a confession is extorted by hope or fear, then it would not be competent to go to the jury. Where two or more persons are on trial, and there is testimony as to a confession by one, that confession is good only against the one who makes it, and it is not good testimony against the other; because it is something which happened after the transaction complained of. It is good against the party who makes the confession, the defendant who makes the confession, but not against his codefendant."

From verdict of guilty, and judgment thereon, defendants appeal.

*Mr. W. S. Tillinghast,* for appellants, cites: *Defendant has all the rights of an ordinary witness:* 26 S. C., 117; 33 S. C., 582; 34 S. C., 16. *Rule as to contradiction applies to defendant:* 15 S., C., 390. *Statement of Judge as to tracks, intimating that he believed them to be defendant's, was error:* 51 S. C., 460. *Assumption in charge that there are confessions, when in fact there are none, is error:* 30 Cal., 151.

*Solicitor Sawyer,* contra (oral argument).

Feb. 1, 1899. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER. The defendants were indicted for, and convicted of, the offense of obstructing the track of the Charleston and Savannah Railroad by placing a crosstie on said track. From the judgment rendered upon such conviction, the defendants appeal upon the several grounds set out in the record.

The first exception imputes error to the Circuit Judge in allowing the State, in reply, to prove by a witness, D. Mann, deputy sheriff, what one of the defendants, Walter Taylor, said to him on the day he was arrested. It appears that this defendant had been examined as a witness on his own behalf, and on his cross-examination the following occurred:

"Q. You remember, after Mr. Mann arrested you,

having a talk with him about the tie? A. No, sir; Mr. Mann, after he arrested me, asked me—said I want to know something about obstructing this railroad. I asked him which road. He told me the Charleston and Savannah road. I told him I knowed nothing about that road, I had been down in the field working. Q. You asked him which road he meant? A. Yes, sir. Q. Did you not tell him you saw that tie on the railroad track? A. No, sir. Q. You remember, after he arrested you, between the railroad and your house? A. No, sir; it was not between the railroad and the house. Q. Well, where was it? A. It was at my house. Q. You did not tell him anything about the cross-tie that day at your house? A. No, sir." On the examination of Mr. Mann, a witness offered in reply by the State, the following occurred: "Q. Did you have any conversation with these boys as to the placing of that crosstie on the track? A. Yes, sir. This was objected to after the answer, on the ground that the foundation for a contradiction had not been laid. The Court overruled the objection. Q. Did you or did you not hear this boy—Walter Taylor— say that he saw the crosstie on the railroad track? A. Yes, sir. Q. The day you arrested him near his house, did you ask him about this tie on the track? A. Yes, sir; he told me he saw it on the track." From the foregoing, which we have extracted from the "Case," it seems to us that a sufficient foundation was laid for the contradiction of Walter Taylor, in the reply, even if he had been an ordinary witness, and not the party accused; for Walter Taylor, while on the stand, was distinctly advertised of the time (the day of his arrest) and the place (at his house) as well as to the person (Mr. Mann) to whom he made statements in conflict with those which he had testified to. But, in addition to this, Walter Taylor being one of the accused, it would have been competent, even if he had not gone on the stand, to prove any admissions or confessions (otherwise competent) in reference to the crime charged. The first exception must, therefore, be overruled.

The second, third and fourth exceptions impute error to the Circuit Judge in what he said, in his charge to the jury, as to the tracks of two persons found at the point where the crosstie seemed to have been placed on the railroad track and from thence traced to the house where these defendants lived. What the Circuit Judge said to the jury on the subject of the tracks was called out by the request of defendant's counsel, as will be seen by the following extract from the Judge's charge, which contains all that he said to the jury about "tracks." "Mr. Tillinghast: Would your Honor object to charge as to tracks as evidence? The Court: The Constitution prohibits the Judge from charging upon the facts, and the question of tracks would be upon the facts of the case. That is decided in the case of the *State* v. *Green.* Well, gentlemen, tracks are facts in the case; you have heard the testimony as to the tracks. It's a link—I won't say that. They are submitted as a circumstance in the case, and you are to pass upon the facts." The complaint seems to be that by these remarks the Circuit Judge expressed or intimated his opinion to the jury on the facts, in violation of the constitutional provision upon that subject. We do not so construe these remarks. The practical effect was simply to say to the jury, in response to the request of defendant's counsel, that the tracks testified to by some of the witnesses were circumstances in the case, to be considered by the jury; and we see nothing in the remarks made by the Judge which could be regarded as conveying any intimation to the jury of the Judge's opinion as to the force or effect of the testimony as to the tracks. These three exceptions must, therefore, be overruled.

The only remaining exception—the fifth—complains of error in that portion of the Judge's charge which relates to confessions; but the complaint is *not* that there was any error in the principles of law there laid down—but because it was inapplicable to the case, inasmuch as it is claimed that there was no testimony of any confessions in this case. While it is quite true that no witness testified

12—54

that these defendants, or either of them, admitted that they were guilty of the offenses charged, yet there was testimony that both of these defendants admitted that they saw the crosstie on the track a very short time before the approaching train struck it, for one of them, when asked why he did not remove the crosstie, replied, "it was near train time, and I didn't have time to move it." If this testimony were true, then there was a confession, or at least an admission on the part of these defendants, that they were at the spot where the obstruction was placed a very short time before the train struck the obstruction. This was, however, stoutly denied by both of the defendants when they were on the stand as witnesses. In this state of the testimony there was no error or impropriety on the part of the Circuit Judge in instructing the jury as to the rules of law in reference to confessions or admissions; and in what he said we find nothing which indicates any intimation of an opinion on the part of the Circuit Judge that the defendants had, in fact, made any confessions of guilt, or any admission of any fact tending to show guilt. The fifth exception must, therefore, be overruled.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.